UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CHARLES BAUR,

        Plaintiff,

        -v-

CITRUS BANK, Orlando, Florida,

        Defendant.
------------------------------------------------------------x

**MEMORANDUM
AND ORDER
08-CV-01509 (CBA)**

AMON, United States District Judge:

Plaintiff Charles Baur brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that defendant Citrus Bank violated his civil rights. Complaint at ¶ V. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. However, for the reasons that follow, the action is dismissed.

## BACKGROUND

Baur, currently incarcerated at the Metropolitan Detention Center, names as the sole defendant Citrus Bank of Orlando Florida. His statement of claim states verbatim and in its entirety:

> Citrus Bank called FBI Mr. Baur got 37,4,24 months Tran Union Credit Co told Citrus Bank the Social Security Card for Norman Baur had not been issued. Charles Baur AKA Norman Baur Citrus Bank still gave Mr Baur a 450,000 mortage (a check). Citrus Bank was only interested in the <u>money</u> it <u>could make on the loan</u>.

Complaint at IV (emphasis in original). Baur claims that these events caused him a stroke and head and neck injuries, and seeks $33 million in damages. Complaint at IV.A.

## STANDARD OF REVIEW

1

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

Because plaintiff is *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court should grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

To state a claim for relief under § 1983, a plaintiff must allege both a violation of a right secured by the Constitution or by federal law, and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Ciambriello v. Country of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Baur makes no allegation that Citrus Bank is a state actor or has in any way associated with one with respect to the transactions at issue. Accordingly, its actions have not been alleged to have been taken under color of state law and thus the complaint fails to state a claim upon which relief can be granted and is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to afford plaintiff leave to amend his complaint because it does not give any indication that a valid claim might be stated.

## CONCLUSION

Baur's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status id denied for the purposes of appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

                                                  Carol Bagley Amon
                                                  United States District Judge

Dated: Brooklyn, New York
        April 23, 2008